UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL LEONA PALMER,

    Plaintiff,

v.                                                              CASE NO: 8:07-cv-1426-T-23EAJ

MADELINE FELDMAN, et al.,

    Defendants.
_____/

## **ORDER**

The pro se plaintiff instituted this action on August 13, 2007, without paying the filing fee and without submitting a motion to proceed in forma pauperis and an accompanying financial affidavit. The plaintiff moves (Doc. 5) for an extension of time to serve the defendants and requests (Doc. 5) service by the United States Marshals Service.

The plaintiff sues more than ninety unrelated defendants, including President George W. Bush, the State of Florida, Microsoft Corporation, Occidental Petroleum, Land O'Lakes Detention Center, Pasco County Animal Services, and various judges, hospital administrators, and sheriff's deputies. The purported civil rights complaint (Doc. 1) contains nonsensical rambling about religious persecution, prosecutorial misconduct, a domestic violence injunction, and other topics. The complaint displays the plaintiff's discontent with dozens of governmental agencies, corporations, and individuals but fails to set forth any valid claims. The plaintiff previously sued many of

the same defendants in Palmer v. Feldman, No. 8:07-cv-1323-RAL-MSS (M.D. Fla. Aug. 1, 2007), which terminated with judgment entered in favor of the defendants.

Notwithstanding her pro se status, the plaintiff must "conform to procedural rules." See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). The plaintiff failed to comply with Local Rule 4.07(a), which requires all cases commenced in forma pauperis to be accompanied by a motion and an affidavit of indigency. The complaint fails to comply with Rule 8, Federal Rules of Civil Procedure, which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The complaint fails to comply with Rule 10, Federal Rules of Civil Procedure, which requires "numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." The complaint also fails to comply with the Rule 10 requirement that "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials . . . be stated in a separate count or defense."

The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The plaintiff's motion (Doc. 5) for an extension of time to serve the defendants is **GRANTED**. The plaintiff's request (Doc. 5) for service by the Marshals Service is **DENIED**. On or before **Monday, February 25, 2008**, the plaintiff shall file a motion to proceed in forma pauperis, an affidavit of indigency, and an amended complaint that complies with the

Federal Rules of Civil Procedure and Local Rules.  Failure to comply with this order will result in dismissal without further notice.

ORDERED in Tampa, Florida, on February 8, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE